## ABNER HOSMER *vs.* EDWIN SARGENT.

In the execution of a power of sale in a mortgage of personal property, the mortgagee has a right, in the exercise of a reasonable discretion, to adjourn the sale from time to time, without doing so through the agency of a licensed auctioneer or giving any new notice to the mortgagor.

TORT for the conversion of a horse, two wagons, a harness and a cow.

At the trial in the superior court, before *Brigham,* J., it appeared that on the 13th of July 1861 the plaintiff, being the owner of the property, executed a mortgage thereof to the defendant which contained a power of sale in the usual form, requiring seven days' notice of the time and place of sale to be

given to the mortgagor, to secure the payment of a note for $179.83 within three months. On the 23d of October, the note remaining unpaid, the defendant served upon the plaintiff a notice of his intention to sell the property at auction on the 1st of November following, and sought to obtain possession thereof, but was only able to get one of the wagons. He accordingly on the 1st of November, without the intervention of an auctioneer, and without giving any new notice to the plaintiff, adjourned the sale until November 8th and made proclamation thereof, and on the 8th again adjourned in like manner to the 13th, and on that day again adjourned in like manner to the 15th, when the property was sold by an auctioneer for a sum less than the amount of the note. The judge ruled that, inasmuch as the defendant did not sell the property on the 13th, (it then being in his hands,) but adjourned the sale again to the 15th, the sale upon the latter day was not a lawful execution of the power contained in the mortgage, and was evidence of a conversion which would authorize the plaintiff to maintain his action. The jury returned a verdict for the plaintiff, and the case was reported for the determination of this court.

*S. B. Ives, Jr.*, for the defendant, cited *Richards* v. *Holmes*, 18 How. (U. S.) 147; *Jackson* v. *Clark*, 7 Johns. 225; *Sayles* v. *Smith*, 12 Wend. 57; *Miller* v. *Hull*, 4 Denio, 104; *Warren* v. *Leland*, 9 Mass. 265; *Russell* v. *Richards*, 2 Fairf. 371; *Lantz* v. *Worthington*, 4 Barr, 153.

*D. Saunders, Jr.*, for the plaintiff, cited, in addition to cases cited by the defendant, *Smith* v. *Provin*, 4 Allen, 516; Gen. Sts. c. 50, §§ 7–9.

CHAPMAN, J. The defendant had a mortgage of the property in question, with a power of sale; and, the debt being unpaid, he undertook to execute the power of sale. After appointing a a time and place of sale, and giving the plaintiff due notice thereof, he adjourned the sale from time to time, and at the time of the last adjournment he employed an auctioneer, by whom the sale was made. The plaintiff contends that these adjournments were unauthorized; and that, as no new notice of the sale was given to him, the sale was void.

But this question was thoroughly discussed in the case of *Richards* v. *Holmes*, 18 How. (U. S.) 143. That was a bill in equity to set aside a sale under a deed of trust made to secure the payment of a note, the deed being in effect a mortgage with power of sale. Mr. Justice Curtis gives conclusive reasons why a trustee should have power to adjourn such a sale; and he remarks that such a sale, regularly adjourned, is, when made, in effect, the sale of which previous notice had been given. If the plaintiff neglected to attend at the time and place first appointed, he was not entitled to further notice. The right to adjourn must, of course, be subject to a reasonable limitation, and the trustee must act in good faith. But no question arises in this case on these points. The objection is simply that no right to adjourn existed.

The right of a sheriff or other public officer to adjourn a sale, as being incident to the power to sell at auction, is settled in Maine, New York, and in this commonwealth. And if a public officer not appointed by the party, and acting independently of him, has such power, there is no reason why a trustee appointed by the party and acting under his express authority should not have it also. In both cases the reasons for its exercise are the same. It enables the seller to prevent the property from being sacrificed, and at the same time to prevent the loss of the labor and expense already incurred in giving notice of the sale.

Another objection urged by the plaintiff is, that though an auctioneer was employed to make the sale, yet he was not employed to make the adjournments. The only reason why it was necessary to employ an auctioneer is, that other persons are prohibited from making sales at auction by Gen. Sts. *c.* 50, § 9. But the statute applies only to the act of sale, and, as it is a penal statute, it must be construed strictly. It does not, either in its terms or its spirit, prohibit other persons from appointing the time and place of a sale, advertising, giving notice to interested parties, and making adjournments. These acts are preliminary to a sale, but constitute no part of the contract or act of sale. This objection, therefore, cannot prevail. There being no other objections to the sale than those above stated, judgment must be for the defendant. *Verdict set aside*